EMMITT B. EVERITT V. STATE.

No. 25339. June 6, 1951.
Rehearing Denied October 10, 1951.

Hon. John Snell, Jr., Judge Presiding.

*Shannon L. Morris,* Baytown, for appellant.

*A. C. Winborn,* Criminal District Attorney, *Ben S. Morris,* Assistant Criminal District Attorney, both of Houston, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant was tried before the County Court at Law No. 2, Harris County, on a charge of negligent homicide. He waived a jury and was assessed a penalty of two years in the county jail.

The conviction was under the second count of the complaint which alleges that on or about the 23rd day of May, 1950, he drove an automobile to the left center of the public roadway, in said county, in passing an automobile going in the same direction without such left side at such time being clearly visible to defendant and free of oncoming traffic for a sufficient distance ahead to permit his car to completely pass the other motor car without interference with safe operation of the motor vehicle approaching from the opposite direction. It further alleges that in passing the vehicle traveling in the same direction, he did not return to the right hand side of said roadway before coming within one hundred feet of the vehicle approaching him from the opposite direction and while engaged in said unlawful act, and as a consequence thereof and without apparent intention to kill, that he did by said negligence cause his vehicle to collide with the oncoming automobile which resulted in the death of Fred Dennis.

The act alleged is unlawful by virtue of Article 801 of the Penal Code, generally referred to as the Law of the Road. The sole question presented to this court in the argument is based on the contention that the evidence shows that the foregoing article of the Penal Code was not violated in that the evidence discloses that appellant passed the automobile going in the same direction as he was traveling and returned to the right

side of the road and then, because of an unavoidable accident, he did collide with the automobile approaching in the opposite direction and this collision resulted in the death of three parties, two of whom, including Dennis, were in the car with appellant and one was the driver of the other car involved in the collision.

We are unable to agree that there is a variance between the allegations and the proof in the case. The evidence shows that appellant was a young man twenty-five years of age; that he was married and the father of four children; that he left his work with a companion at the close of the day and visited two or more drive-in places where he was engaged in drinking beer. His statement is to the effect that he drank only two bottles at about 6 o'clock. The accident occurred after 10 o'clock. Testifying in his own behalf he said that they met up with a third party who joined them in their rounds and they were returning to Baytown with him at the time of the accident. He tells of the accident as he saw it. He said that the accelerator pedal came loose, that he reached down to replace it while watching the oncoming car through the windshield, that when he saw the car approach around a curve in front of him he started to put his brakes on and get back behind the car he was passing, but that another car traveling behind him had closed in and he was unable to do so. He then swerved to the left but did not know if he got off the pavement. He said the reason he swerved to the left was to let the oncoming car have passage on the highway. He thinks that the oncoming car pulled to its right at the same time and they met in a head-on collision. He said the collision occurred just as he started to leave the highway to his left. He was unconscious thereafter and did not know what happened.

On cross-examination he said there was only one car approaching him in the highway ahead and he did not clear the car he was passing and pull to the right of the road and then hit the second car he was meeting, nor the third. His language was: "No, I didn't drive one car off the road and hit the next one. No, sir, I didn't go on the right side and go back on the left side. * * * Yes, sir, the first car that came around the curve is the one I hit. Yes, I just rode along side by side with that car for 200 yards, I couldn't get around him when the foot feed came off. It was approximately 200 yards when I started around him. This thing happened on the left hand side of the highway in the direction I was going. * * * Yes, there was a car to the

right at the time of the accident. That was the one I was trying to pass."

The evidence of other witnesses testifying in behalf of the state varies somewhat from each other and from that given by the appellant. The man driving the car which appellant was trying to pass was of the opinion that appellant did get in front of him, that he lost control of his car and swerved from one side of the road to the other, striking either the second or third car which he met. Other witnesses saw it a little different. Appellant was in the best position of anyone to know what occurred and the above quoted statement which he gave seems to be that which the court accepted, at least it amply sustains the judgment entered. We cannot agree to the contention above outlined as grounds for reversal of the case.

We find no error requiring reversal and the judgment of the trial court is accordingly affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant presses upon us the insufficiency of the evidence to support the conviction.

The record has been again examined in the light of this contention, and we remain convinced that there was sufficient evidence to authorize the trial court's conclusion of guilt.

Ordinarily if facts be proved from any source which, if believed, would warrant the conclusion of guilt, the evidence is sufficient to support the conviction. Such rule is here applicable.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.